**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

BILLY JOE PELFREY,

              Plaintiff,

v.                                    CIVIL  ACTION  NO.  3:04-1303

OFFICER BUTCHER, OFFICER NEWMAN
OFFICER PERRY, SERGEANT ISSLEY,
NURSE TONYA RODRIGUEZ, F.B.I. AGENT SMITH,
and JARA DIVITA,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge has submitted findings of fact and recommended that the plaintiff's complaint be dismissed, with prejudice, insofar as it names F.B.I. Agent Smith and Jara Divita.  The plaintiff has filed objections to the magistrate judge's findings and recommendation.  The Court, having reviewed *de novo* the pleadings and objections, **ADOPTS** the magistrate judge's findings and recommendation.

The plaintiff's complaint alleges use of excessive force and denial of medical care by officers and employees at the Western Regional Jail in Barboursville, West Virginia.  Also named as defendants are an agent of the Federal Bureau of Investigation, identified only as F.B.I. Agent Smith, and a Cabell County assistant prosecuting attorney, Jara Divita.  The plaintiff contends that these two defendants had a duty to investigate his claims and that they failed to do so based on

prejudice against him as an inmate and a criminal defendant seeking charges against a branch of law enforcement.  The plaintiff argues that the alleged failure of Agent Smith and Jara Divita to fulfill their duties violated his Fourteenth Amendment right to equal protection under the law.

In his objections, the plaintiff argues that his claim against Ms. Divita is not based on her decision not to prosecute but on her refusal to allow him to file a complaint to prompt an investigation into his claims. With regard to his claim against Agent Smith, the plaintiff's objection is based on his allegation that Agent Smith refused to interview any witnesses or otherwise investigate his complaint.  The plaintiff further alleges that Agent Smith had refused to investigate an earlier complaint and that his actions establish a pattern of blocking the plaintiff's complaints concerning abuse by law enforcement officers.

The plaintiff's claim against the state prosecutor must fail, because she is immune from suit in this case.   A prosecutor acting within the scope of her duties in the judicial process has absolute immunity from suit. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.  See also Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)(Emphasizing earlier Supreme Court holdings that "the prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate.")  This immunity applies to aspects of the prosecutor's job that are related to the judicial phase of a case. *Imbler*, 424 U.S. at 430.  That includes making a decision regarding the merits of a case. *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997)("It is difficult to imagine conduct more intimately related to the judicial process than a prosecutor's decision to proceed with a prosecution.") *See also Ostrzenski v. Seigel*, 177 F.3d 245, 250 (4th Cir. 1999)( "Clearly, some evidentiary review is necessary to determine whether to pursue charges, and

a prosecutor is held to be absolutely immune from liability for performing such duties."). This immunity does not extend to every task a prosecutor might perform. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 492-93, (1991)(Prosecutor's act of giving legal advice to law enforcement officers not entitled to absolute immunity). For example, a prosecutor performing preliminary investigative work similar to that conducted by a police officer is entitled to the qualified immunity afforded most public officials, rather than the absolute immunity granted when the prosecutor is performing a quasi-judicial function. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). The Supreme Court has explained the distinction this way: "There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is 'neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.'" *Id*. at 273-74, *quoting Hampton v. Chicago*, 484 F.2d 602, 608 (7th Cir. 1973), *cert. denied*, 415 U.S. 91 (1974). *See also Langworthy v. Dean*, 37 F.Supp.2d 417, 422 (D.Md. 1999)(Concluding that "investigative acts taken by a prosecutor prior to the probable cause determination are subject to qualified instead of absolute immunity.")

Although it is not entirely clear from the pleadings what function Ms. Divita was performing – for example, whether the allegations involve her own role in evaluating the plaintiff's complaint rather than a review of evidence collected by law enforcement officers – the plaintiff's objection specifically challenges her role in the investigation, or in declining to investigate. In that situation, Ms. Divita is at least entitled to qualified immunity. In the Fourth Circuit, "[i]t is a well settled

proposition that government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *S.P. v. City of Takoma Park et al.*, 134 F.3d 260, 265 (4th Cir. 1998)(*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  In determining whether qualified immunity applies, a court must  "(1) identify the right allegedly violated, (2) determine whether the constitutional right violated was clearly established at the time of the incident, and (3) evaluate whether a reasonable [official] would have understood that the conduct at issue violated the clearly established right." *Id*.  In the absence of a clearly established right, the official is entitled to immunity. *Id*. (*citing Smith v. Reddy*, 101 F.3d 351, 355 (4th Cir.1996)).

Given this standard, the Court must find that Ms. Divita is immune from suit for the same reason that it must conclude that the plaintiff cannot state a claim against Agent Smith: a citizen has no right to compel a law enforcement officer to conduct an investigation or pursue a prosecution. *See, e.g., Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)(Finding no constitutional right for the plaintiff, as a member of the public or as a victim, to have individuals criminally prosecuted.);  *Doe v. Mayor and City Council of Pocomoke City*, 745 F.Supp. 1137 (D.Md. 1990)("The Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.");  *Sellner v. Panagoulis, et al.*, 565 F.Supp. 238, 249 (D.Md.1982), *aff'd without opinion*,796 F.2d 474 (4th Cir.1986) ("This Court does not know of any right afforded by either the Constitution or laws of the United States to private persons to compel a state to prosecute criminal activity.")

Based on the foregoing reasons, the Court concludes that the plaintiff's complaint fails to

state a claim upon which relief can be granted with respect to Ms. Davita and Agent Smith. Accordingly, the Court **ADOPTS** the magistrate judge's findings and recommendation and **DISMISSES** the plaintiff's complaint against those defendants.

The Court **DIRECTS** the Clerk to send a certified copy of this written order to Magistrate Judge Taylor, counsel of record, and to the plaintiff, who is acting pro se.

ENTER:          August 8, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE